# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **RYAN TRANSPORTATION SERVICE, INC.,** | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) CIVIL ACTION |
| v. | ) <br> ) No. 04-2445-CM |
| **FLEET LOGISTICS, L.L.C., et al.,** | ) <br> ) |
| Defendants, | ) <br> ) |
| v. | ) <br> ) |
| **JOHN J. WILLIAMS, JR., et al.,** | ) <br> ) |
| Third-Party Defendants. | ) <br> ) |

## MEMORANDUM AND ORDER

This action is before the court on Third Party Defendant Monarch Transportation, L.L.C.'s Motion to Dismiss Third Party Claim of Intermodal Direct Express Equipment Corp. (Doc. 133). Monarch Transportation argues that the court should dismiss the case for failure to prosecute. Intermodal was previously represented by counsel in this case, but its counsel withdrew on February 22, 2005. On February 22, 2005, the court ordered Intermodal to retain new counsel. The court also ordered that the new counsel enter an appearance by March 15, 2005 (Doc. 66). No new counsel has entered an appearance on behalf of Intermodal. And, as a corporation, it cannot represent itself *pro se*. The Clerk of the Court entered default against Intermodal on July 26, 2006. Defendant filed the instant motion because Intermodal has not participated in this action since February 2005. Intermodal did not file a response to Monarch Transportation's motion.

Under Fed. R. Civ. P. 41(b), the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute its case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot re-file its claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted). The court finds that all three factors weigh in favor of dismissing Intermodal's third-party claim. Intermodal has had more than two years to retain counsel and participate in this litigation. Any further delay will prejudice Monarch Transportation. Intermodal's willful refusal to participate in this litigation is interfering with the judicial process.

**IT IS THEREFORE ORDERED** that Third Party Defendant Monarch Transportation, L.L.C.'s Motion to Dismiss Third Party Claim of Intermodal Direct Express Equipment Corp. (Doc. 133) is granted. The Third Party Claim of Intermodal Direct Express Equipment Corp. is dismissed with prejudice for failure to prosecute.

Dated this 28th day of February 2007, at Kansas City, Kansas.

                                         **/s/ Carlos Murguia**
                                         **CARLOS MURGUIA**
                                         **United States District Judge**